Law Office Of L. Marcel Stewart
L. Marcel Stewart
California Bar No. 250290
121 Broadway, Suite 349
San Diego, CA 92101
Telephone: (619) 702-4123
Facsimile: (619) 515-6336
Email: lmslaw@att.net

Attorney for Mr. Felix Hernandez-Chavez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>FELIX HERNANDEZ-CHAVEZ,<br>Defendant. | CASE NO. 08CR1166-W<br><br>DATE: July 29, 2008<br>TIME: 2:00 P.M.<br><br>**NOTICE OF MOTIONS AND MOTIONS TO:**<br><br>1**) COMPEL DISCOVERY AND PRESERVE EVIDENCE;**<br><br>**2) SEVERE REMAINING DEFENDANTS; AND**<br><br>**3) GRANT LEAVE TO FILE FURTHER MOTIONS** |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY, AND JOSEPH ORABONA, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on July 29, 2008 at 2:00 p.m., or as soon thereafter as counsel may be heard, defendant, Mr. Felix Hernandez-Chavez, by and through his attorney, L. Marcel Stewart, will ask this Court to enter an order granting motions to:

(1) Compel Discovery and Preserve Evidence;

(2); Severe Remaining Defendants; and

(3) Grant Leave to File Further Motions.

These motions are based upon the instant notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Respectfully submitted,

Dated: July 15, 2008

/s/ L. Marcel Stewart
L. MARCEL STEWART
Attorney for Mr. Felix Hernandez-Chavez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>FELIX HERNANDEZ-CHAVEZ,<br>Defendant. | CASE NO. 08CR1166-W<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, L. MARCEL STEWART, am a citizen of the United States and am at least eighteen years of age. My business address is 121 Broadway, Suite 365, San Diego, California 92101.

I am not a party to the above-entitled action. I have caused service of the foregoing Notice of Motions and Motions to: Compel Discovery and Preserve Evidence; 2) Severe Remaining Defendants; and 3) Grant Leave to File Further Motions, together with the Defendant's Memorandum of Points and Authorities, on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Joseph Orabano, Attorney for the Plaintiff United States of America: Joseph.Orabano@us.doj.gov;

2. Timothy Scott and David Silldoft, Attorneys for Modesta Luisa Magana: timscottlaw@cox.net; david.silldorf.law@cox.net

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 15, 2008.

/s/ L. Marcel Stewart
L. MARCEL STEWART

Law Office Of L. Marcel Stewart
L. Marcel Stewart
California Bar No. 250290
121 Broadway, Suite 349
San Diego, CA 92101
Telephone: (619) 702-4123
Facsimile: (619) 515-6336
Email: lmslaw@att.net

Attorney for Mr. Hernandez-Chavez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FELIX HERNANDEZ-CHAVEZ,<br><br>Defendant. | CASE NO. 08CR1166-W<br><br>DATE: July 29, 2008<br>TIME: 2:00 P.M.<br><br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MR. HERNANDEZ-CHAVEZ'S MOTIONS** |

**I.**

**STATEMENT OF FACTS[1/]**

**A. March 14, 2008**

On March 14, 2008, Mr. Hernandez-Chavez approached the checkpoint near Ocotillo, California as driver of a red Ford F150 truck carrying one passenger, Hugo Montes. While questioning Mr. Hernandez, the inspector noticed bundles under the rear seats and on the truck bed. Mr. Hernandez-Chavez and his passenger were required to exit the vehicle. Agents subsequently searched the vehicle, finding three bundles of marijuana. Both individuals were arrested.

The Drug Enforcement agents responded to the checkpoint. DEA Agent Slattery

[1] The following is based primarily on information obtained through the government's discovery. Mr. Hernandez-Chavez does not stipulate to its accuracy and reserves the right to challenge it at a future proceeding.

questioned Mr. Hernandez, who indicated that an individual named Guero hired him to transport the bags to El Cajon. Mr. Hernandez stated that he did not know the route to El Cajon, but that his passenger was providing directions, because he wanted a ride to the area. Finally, Mr. Hernandez stated that he did not know what was in the bags.

In response to questioning, the passenger, Hugo Montes, stated that he was staying in Borrego Springs, while working at a palm tree farm in Tecate. He also stated that he had taken a bus to Tecate to Mexicali were he asked strangers for a ride back to Borrego Springs. While at a gas station in Tecate he saw Mr. Hernandez agreed to give him a ride.

**B. <u>May 8, 2008</u>**

On May 8, 2008, United States Border Patrol Agents were monitoring Shockey Trail, located approximately 13 miles east of Tecate, California Port of Entry. Agents observed a burgundy Nissan Maxima entering Shockey Trail via State Route 94. Agents saw the vehicle stop prior to entering Shockey Trial, hunk three times, then turn onto Shockey Trial. A green Chevrolet Malibu, then approached the intersection and turned onto Shock Trial behind the Nissan. The passenger of the Nissan exited the vehicle and walked over to the Chevrolet, which parked across Shockey Trial. The passenger of the Chevrolet then exited that vehicle. Each individual then got into the opposite vehicle. After additional communication between the vehicles, each vehicle entered State Route 94.

Subsequently, agents saw the Chevrolet enter a strip mall and park. The Chevrolet's plates were ran and agents learned that the vehicle was registered to Vivian Magana, who was also the registered owner of a vehicle involved in a prior smuggling incident. Agents then followed the vehicle as it entered State Route 94. Agents called for assistance from a marked vehicle. Upon arrival of the marked vehicle, agents stopped the Chevrolet. Limon was the driver, Magana was the front seat passenger and Montes was in the back seat.

Agents searched the vehicle. In the trunk were two backpacks. One backpack was green nylon mesh and the other was green with red, white and blue checkers. Each backpack contained several packages that marijuana. All three individuals were arrested.

Agents conducted an additional search of the Chevrolet and found a key ring with a Nissan key. Agents took the key and located the burgundy Nissan at the Alcorn Casino. Agents accessed the vehicle. After confirming that the key started the Nissan, agents seized the vehicle and searched it. A search of the Nissan, revealed a Google Satellite map with markings. Agents followed the map, which depicted an "X" south of Las Montanas near a wooden gate. Agents searched the area with canine assistance and discovered two additional backpacks containing packages of marijuana, which they seized.

**C. Guilty Pleas**

On June 23, 2008, Defendants Montes and Limon plead guilty. Montes plead guilty to Counts One and Two, while Limon plead guilty to Count Two.

**II.**

**MOTIONS**

**A. MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE**

Defendant moves for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. See generally Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

(1) The Defendant's Statements. The Government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any

use of those statements.

(2) Arrest Reports, Notes and Dispatch Tapes. The defense also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and Brady v. Maryland, 373 U.S. 83 (1963). See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B), Fed. R. Crim. P. 26.2, and Fed. R. Crim. P. 12(h). Preservation of rough notes is requested, whether or not the government deems them discoverable.

(3) Brady Material. Defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(4) Any Information That May Result in a Lower Sentence Under The Guidelines. As discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, to a determination of the defendant's criminal history, or to any other application of the Guidelines.

(5) Any Information That May Result in a Lower Sentence Under 18 U.S.C. § 3553. After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the Guidelines are merely advisory and federal sentencing is governed by 18 U.S.C. § 3553, which requires a judge to

consider "any information about the nature of the circumstances of the offense." 18 U.S.C. § 3553(a)(1). This broad range of judicial discretion, combined with the mandate that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence," 18 U.S.C. § 3661, means that any information whatsoever may be "material … to punishment," Brady, 373 U.S. at 87, whether or not the government deems it discoverable.

(6) The Defendant's Prior Record. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(D). Counsel specifically requests that the copy be complete and legible.

(7) Any Proposed 404(b) Evidence. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(E) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(8) Evidence Seized. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

(9) Request for Preservation of Evidence. The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, the results of any fingerprint analysis, alleged narcotics, the defendant's personal effects, the vehicle, and any other evidence seized from the defendant, or any third party. It is requested that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

(10) Tangible Objects. The defense requests, under Fed. R. Crim. P. 16(a)(1)(E) the

opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs of buildings or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.

(11) Evidence of Bias or Motive to Lie. The defense requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

(12) Impeachment evidence. Defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under Brady v. Maryland. See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

(13) Evidence of Criminal Investigation of Any Government Witness. The defense requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir. 1985).

(14) Evidence Affecting Perception, Recollection, Ability to Communicate. Defendant requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

(15) Witness Addresses. The defense requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979), overruled on other grounds by Luce v. United States, 469 U.S. 38 (1984) (defense has equal right to talk to

witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

(16) Name of Witnesses Favorable to the Defendant. The defense requests the name of any witness who made any arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979).

(17) Statements Relevant to the Defense. The defense requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982). This would include Grand Jury transcripts which are relevant to the defense motion to dismiss the indictment.

(18) Jencks Act Material. The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963).

(19) Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, expressed or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

(20) Reports of Scientific Tests or Examinations. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), the defendant requests disclosure and the opportunity to inspect, copy, and photograph the results and reports of all tests, examinations, and experiments conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the

attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(21) Henthorn Material. The defendant requests that the prosecutor review the personnel files of the officers involved in his arrest, and those who will testify, and produce to him any exculpatory information at least two weeks prior to trial and one week prior to the motion hearing. This includes all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of defendant. See United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). In addition, he requests that if the government is uncertain whether certain information is to be turned over pursuant to this request, that it produce such information to the Court in advance of the trial and the motion hearing for an in camera inspection.

(22) Informants and Cooperating Witnesses. The defense requests disclosure of the names and addresses of any informants or cooperating witnesses used or to be used in this case. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. Roviaro v. United States, 353 U.S. 53, 61-62 (1957). The defense also requests disclosure of any information indicating bias on the part of any informant or cooperating witness. Giglio v. United States, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments, or threats were made to the witness to secure cooperation with the authorities.

(23) Expert Witnesses. Pursuant to Fed. R. Crim. P. 16(a)(1)(G), the defendant requests a written summary of the expert testimony that the government intends to use at trial, including a description of the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

(24) Residual Request. The defense intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16. Defendant requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial.

## B. REMAINING DEFENDANTS SHOULD BE SEVERED

Severance of the remaining Defendants should be granted under Federal Rule of Criminal Procedure 8(b) and 14(a).

### 1. Continued Joinder is Improper Under Federal Rule of Criminal Procedure 8(b)

Severance of the remaining defendants should be granted because continued joinder of the Counts is improper under Federal Rule of Criminal Procedure 8(b). Federal Rule of Criminal Procedure 8(b) controls the joinder of defendants, while Federal Rule of Criminal Procedure 8(a) controls the joinder of counts against a single defendant. See United States v. Satterfield, 548 F.32d 1341, 1344 (9th Cir. 1977) (citations omitted).

In pertinent part Federal Rule of Criminal Procedure 8 states:

Joinder of Defendants. The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or same transaction, or in the same series of acts or transactions, constituting and offense or offenses. . . ." Fed. R. Crim. P. 8(b). "Whether or not multiple offenses joined in an Indictment constitute a 'series of acts or transactions' turns on the degree to which they are related. In cases under rule 8(b), that relation is most often established by showing that substantially the same facts must be adduced to prove each of the joined offenses." Satterfield, 548 F.2d at 144 (citing United States v. Gentile, 495 F.2d 626 (5th Cir. 1974)); United States v. Roselli, 432 F.2d 879, 899 (9th Cir. 1970)). Maximum trial convenience consistent with minimum prejudice supports joinder "whenever the common activity constitutes a substantial portion of the proof of the joint charges." Satterfield, 548 F.2d at 1344 (citing Roselli, 432 F2d. At 899).

Here, continued joinder of the Defendants is not proper because substantially "different" facts will be adduced at trial prove guilty. Moreover, there is no common activity between the defendants. Indeed, as demonstrated above in the Statement of the Facts, the factual circumstances giving rise to these two counts are dramatically different. Allegedly, Mr. Hernandez-Chavez was arrested attempting to pass through the Border Patrol Checkpoint near Ocotillo with three packages in his vehicle that contained marijuana. Thus, most of the necessary

evidence will relate to this event and statements that he and his passenger allegedly made regarding this event.

In contrast, Mr. Magana was arrested under completely different circumstances. Allegedly, he was arrested on Shockey Trial, after extensive surveillance of activity between the vehicle he was and a second vehicle. Thus, the lion's share of the facts critical to Mr. Magana's charge concern the events of May 8, 2008, the circumstances of his arrest and statements allegedly made by other defendants about that incident.

The only claimed links between the two counts are Hugo Montes, who has already plead guilty, Google Earth satellite printouts allegedly found on both occasions and similar packaging. Despite Hugo Montes's involvement is in both incidents, there is virtually no "logical relationship" between the transactions and no evidence that the remaining defendants were part of any common scheme. See United States v. Vasquez-Velasco, 15 F.3D 833, 844 (9th Cir. 1994). A logical relationship is normally established by proof of a conspiracy. See United States v. Felix-Gutierrez, 940 F.2d 1200 (9th Cir. 1991). However, the government has not presented any evidence of a conspiracy. And significantly, the "indictment contain[s] no such conspiracy allegation that could serve as a nexus between the offenses." Satterfield, **548 F.2d at 1345, fn 2.**

**2. Relief From Prejudicial Joinder is Warranted Under Federal Rule of Criminal Procedure 14**

A joint trial of these two defendants would result in substantial prejudice to both. Thus, severance should be granted under Federal Rule of Criminal Procedure 14, which states: "If joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts, severe the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

Even assuming arguendo that Hugo Montes' involvement in both incidents, the allegedly similar Google Earth maps and the alleged similar packaging is admissible evidence under FRE 404(b), the prior bad act evidence should be limited to Hugo Montes and not the other defendants, because the government has not plead no presented evidence of a conspiracy or common scheme between these defendants and Hugo Montes. However, given that Mr. Montes

has already plead guilty, admission of such evidence against the remaining Defendants can serve no legitimate purpose.

Moreover, the Ninth Circuit rejected a similar theory for joinder in Satterfield:

> The evidence put forth to prove an offense for which a defendant is tried will generally be more extensive, and thus more damaging, than that which would be adduced to establish a prior crime as proof as such matters as motive or intent. At a joint trial, where one defendant is charged with offenses in which the other defendants did not participate, the detailed evidence introduced to establish guilt is the separate offenses may shift the focus of the trial to the cimes of the single defendant. In such cases, codefendants run a high risk of being found guilty merely by association.

Satterfield, 548 F.2d at 1346.

When this rationale is applied here, the case for severance is strong, because the majority of the evidence necessary for each count relates solely to one defendant. Thus, joinder under these circumstances can have no effect other than to prejudice the other defendant in the precise manner against which Rule 8(b) seeks to protect. See id. Therefore, "considerations of trial efficiency [do not] clearly outweigh [each] defendant's interest in a separate trial." Id. at 1347.

## III

## .LEAVE TO FILE FURTHER MOTIONS

Mr. Hernandez-Chavez respectfully requests that this Court grant him leave to file further motions after complete discovery has been provided.

## IV.

## CONCLUSION

For the foregoing reasons, Mr. Hernandez-Chavez respectfully requests this Court to severe the counts against the two remaining defendants in this case.

Dated: July 14, 2008

/s/ L. Marcel Stewart
L. MARCEL STEWART
Attorney for Mr. Hernandez-Chavez